GEORGE C. S. CHOATE, Treasurer of the State Lunatic Hospital at Taunton, *vs.* INHABITANTS OF ROCHESTER.

A man does not obtain a settlement, under the Rev. Sts. *c.* 45, § 1, *cl.* 4, in a town where he owns a freehold, if before he has lived thereon for three years successively he is committed to the state lunatic hospital and there supported as a pauper; although his family continue to reside on his land for the residue of the three years.

ACTION OF CONTRACT by the treasurer of the State Lunatic Hospital at Taunton, under *St.* 1857, *c.* 209, to recover the expenses of supporting Edward B. Durfee, a lunatic pauper. The case was submitted to the decision of the court upon the following facts :

On the 19th of March 1852 Durfee purchased a dwelling-house in Rochester, and within a few days removed with his family into the same, he not having at that time any known legal settlement in this commonwealth. He continued to reside there with his family until the 6th of July 1853, when he was arrested for an offence, and, failing to recognize with sureties for his appearance at the ensuing term of the court of common pleas, was committed to the jail in Plymouth. On the 20th of July he was taken from jail, and committed by the judge of probate to the State Lunatic Hospital at Worcester, as an insane person, and there remained until the 22d of February 1854, when he was discharged and returned to his house in Rochester, and continued to reside there until the 8th of August 1854, when he was sent to the house of correction as a disorderly and dangerous person, and there remained until the 11th of November 1854, when, on complaint of the overseers of the house of correction, he was committed by the judge of probate to the State Lunatic Hospital at Taunton, where he has since been supported as a pauper. His wife and some of his children have continued to live upon his place in Rochester.

This case was argued at Taunton at October term 1858.

*L. F. Brigham,* (District Attorney,) for the plaintiff. As the pauper's family lived upon his freehold estate in Rochester, his

occasional and enforced absences from it did not prevent his acquiring a settlement in that town. Rev. Sts. *c.* 45, § 1, *cl.* 4. *Abington* v. *Boston,* 4 Mass. 312. *Granby* v. *Amherst,* 7 Mass. 1. *Buckland* v. *Charlemont,* 3 Pick. 173. *Hopkinton* v. *Upton,* 3 Met. 165. *Holyoke* v. *Haskins,* 5 Pick. 20. *Upton* v. *Northbridge,* 15 Mass. 239.

C. I. *Reed,* for the defendants.

METCALF, J.    This action cannot be maintained, whether the court admit or deny the position taken by the plaintiff's coun· sel, that the enforced absences of the pauper from his estate in Rochester did not prevent his gaining a settlement there in the fourth mode prescribed by the Rev. Sts. *c.* 45, § 1, by having that estate and living on it three years successively; for he was supported as a pauper before he had lived three years on his estate.    It is settled that no part of the time during which a person receives support or aid as a pauper can be computed as part of the three years. *East Sudbury* v. *Sudbury,* 12 Pick. 1. *Brewster* v. *Dennis,* 21 Pick. 236. *Taunton* v. *Middleborough,* .12 Met. 35.             *Judgment for the defendants for costs.*